HARTFORD ACCIDENT AND INDEMNITY CO. *vs.* SEABOARD
SURETY COMPANY.

Suffolk.    January 9, 1975. — February 3, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Insurance,* Motor vehicle liability insurance.  *Surety.  Arbitration,*
Between insurers.  *Words,* "Insurer."

The surety on a motor vehicle property protection liability bond, as defined in G. L. c. 90, § 34A, was an "insurer" under the provisions of G. L. c. 90, § 34O, and had the obligation to arbitrate interinsurer subrogation claims under that section, even though the principal obligor on the bond was also an "insurer" within the meaning of the section. [733]

There was no merit to the contention that G. L. c. 90, § 34O, which requires all insurers of motor vehicle property protection liability, including both the surety and the principal obligor on a motor vehicle property protection bond, to arbitrate interinsurer subrogation

claims, denied to the surety on such a bond equal protection of the laws under the United States or Massachusetts Constitutions by making the obligor, who elected to file a bond, waive its right, under G. L. c. 90, § 34O, to be exempt from liability, because all insurers are treated equally and the legislative classification is rational. [734]

PETITION filed in the Superior Court on September 12, 1973.

The case was heard by *Adams, J.*

*Warren Delaney* for Seabord Surety Company.

WILKINS, J.   The defendant's bill of exceptions raises questions analogous to those which are disposed of in our decision of this date in *Lumbermens Mut. Cas. Corp.* v. *Bay State Truck Lease, Inc., ante,* 727 (1975). Here, however, the property protection insurer (Hartford) is not pursuing the obligor on a motor vehicle liability bond, but rather seeks arbitration of its asserted subrogation claim under G. L. c. 90, § 34O, against the surety on such a bond. The basic question is whether the defendant (Seaboard), as surety on a property protection bond satisfying the requirements of § 34O and issued to the obligor, Bay State Truck Lease, Inc. (Truck Lease), is an insurer who must arbitrate subrogation claims asserted pursuant to § 34O.

The significant facts are substantially the same as those in the *Lumbermens* case. An accident involving two vehicles registered in Massachusetts occurred in October, 1972, on a public way in the Commonwealth. Hartford paid its insured for damage to its vehicle. The other vehicle, which was not in the private passenger classification, was owned by Truck Lease and was covered by a surety bond, as defined in G. L. c. 90, § 34A, executed by Seaboard. Hartford filed an application in the Superior Court for an order directing Seaboard to arbitrate Hartford's subrogation claim under G. L. c. 90, § 34O. Seaboard denied any obligation to arbitrate.

The application was heard in the Superior Court on an oral agreement of counsel concerning the facts, including exhibits consisting of the motor vehicle liability bond issued to Truck Lease and certain agreements between Truck Lease and Seaboard. The judge ruled that Seaboard

was an "insurer" within the meaning of the word in § 34O. For reasons similar to those expressed by us in the *Lumbermens* case, the judge determined that (1) an insurer has a duty to arbitrate under § 34O even if the insurer has not agreed to arbitration in writing and (2) any right to a jury trial was waived by Seaboard when it chose to issue a motor vehicle liability bond, providing benefits equivalent to property protection insurance. Seaboard claimed an exception to the allowance of Hartford's application for arbitration. We granted Seaboard's application for direct appellate review.

The only substantial issue which we need consider here is whether Seaboard is an "insurer" under § 34O, because, if it is, it must arbitrate Hartford's claim, as our opinion in the *Lumbermens* case indicates.[1] In view of our conclusion in the *Lumbermens* case that in similar circumstances Truck Lease was an "insurer," we are presented with the question whether for the purposes of § 34O the surety and the obligor both can be "insurers." We conclude that Seaboard, as a surety on a bond providing benefits equivalent to property protection insurance, is an insurer for the purposes of the subrogation procedures described in § 34O.

The language of § 34O answers the question whether a surety on a motor vehicle liability bond is an insurer. The second sentence of the first paragraph of § 34O states, "Every *insurer* issuing or *executing a motor vehicle liability* policy or *bond* shall also provide property protection coverage for the policyholder or obligor" (emphasis supplied). This language, and other provisions in § 34O, show a legislative intent to treat a surety as an "insurer" for the purposes of § 34O.

The result we reach in this case and in the *Lumbermens* case cuts both ways. Section 34O grants to the obligor on a property protection bond a right of subrogation against a

---

[1] Hartford has not filed a brief with us. In a case of first impression, in which we granted an application for direct appellate review, and in which the decision of this court will affect hundreds of other similar situations, we had reason to expect that Hartford would favor us with a brief.

property protection insurer or an obligor on any other such bond, in appropriate circumstances.

Section 34O treats all "insurers" equally, and thus there is no basis for Seaboard's claim that it has been denied equal protection of the laws under the Constitution of the United States and comparable provisions of the Constitution of the Commonwealth. See *Pinnick* v. *Cleary*, 360 Mass. 1, 27-28 (1971). By electing to file a bond Truck Lease waived its right to be exempt from liability for certain property damage claims, as it would have been if it had elected property protection insurance. Such a legislative classification plainly has a rational basis.

Because a surety company is an "insurer" for the purposes of the subrogation procedures of § 34O, and for the further reasons set forth in our opinion in the *Lumbermens* case, the defendant's exception to the order allowing arbitration must be overruled.[2]

*Exceptions overruled.*

---

[2] We recognize that, as a practical matter, an order against a surety on a motor vehicle liability bond providing property protection, directing it to arbitrate a subrogation claim under § 34O, constitutes an order against the obligor to arbitrate. The obligor normally has the duty to defend claims asserted within the scope of the bond coverage and to satisfy all obligations imposed on the obligor. In this appeal, for example, Seaboard has been represented by counsel for Truck Lease. If an order to pay an arbitration award is entered against the surety, in the normal course between surety and obligor it would be the duty of the obligor to satisfy that award. The surety normally would become involved in any significant way only if the obligor were insolvent.